UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         No. 04-73405

v.                                        District Judge Arthur J. Tarnow
                                           Magistrate Judge R. Steven Whalen

PAUL MACK,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a student loan case. Before the Court is Plaintiff's Motion to Vacate Satisfaction of Judgment [Doc. #37]. Having reviewed the motion under 28 U.S.C. § 636(b)(1)(B)[1], I recommend that it be DENIED.

## I.    FACTS

On September 20, 2004, the Court entered a stipulated order of consent judgment and wage assignment, requiring deductions from Defendant's wages in payment of the judgment [Doc. #3]. As the years went by, the Plaintiff obtained a number of writs of continuing garnishment against Defendant's employers, financial accounts, and tax refunds from the Michigan Department of Treasury. On June 11, 2014, Plaintiff withdrew its writ of continuing garnishment as to Defendant's Michigan Income Tax refunds [Doc. #35], and on the same date filed a satisfaction of judgment, certifying that the judgment "in the amount of $4957.25 has been satisfied in full." [Doc. #36].

---

[1] A Magistrate Judge referred post-judgment matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

Approximately 17 months later, on November 14, 2016, Plaintiff filed the present motion to vacate satisfaction of judgment [Doc. #37], stating that in February of 2014, it received $960.00 "by way of offset of the Defendant's *federal* income tax return." (Emphasis added). *Motion*, ¶ 3. Plaintiff further alleged that "[o]n or about June 11, 2015 the sum of $960.00 was returned to the Defendant, leaving a balance owing of $1,016.32 as of November 14, 2016." *Id*. ¶ 4.

On April 26, 2017, I entered an order to clarify the motion [Doc. #41], stating:

> "Because Plaintiff uses the passive voice in ¶ 4, it is unclear who "returned" $960.00 to the Defendant, why the funds were returned, and how this is related to the payment in full that was made in February of 2014.
>
> "Therefore, IT IS ORDERED that within 21 days of the date of this Order, Plaintiff must supplement its motion to clarify the factual and legal basis that supports its motion."

In its Supplement to Motion to Vacate Satisfaction of Judgment [Doc. #43], Plaintiff states that in its original motion, it erroneously indicated that the $960 was returned to the Defendant, but in fact, "the payment was returned to the *Department of Treasury* for reasons unknown to the Department of Justice." *Supplement*, ¶ 3. (Emphasis in original). Plaintiff goes on to explain that the $960.00 payment referenced in the original motion was the result of the Department of Justice's referral of Defendant's judgment to the Department of Treasury's "Treasury Offset Program" ("TOP"), which permits a federal agency (for example, the Department of Education or the Department of Justice) which is owed a past-due, legally enforceable debt to refer that debt to the Treasury Department, which will then offset the debt with federal funds owing to the debtor. Plaintiff states that "on or about February 12, 2014, the Department of Treasury forwarded the $960.00 payment to the Department of Justice, who posted the payment and counsel filed the Satisfaction of Judgment." *Id*. ¶ 7. However, Plaintiff further states

that "[n]early one year later, the Department of Treasury recalled the funds, resulting in the reversal of the $960.00 payment without explanation to the Department of Justice." *Id*. ¶ 8.

Plaintiff states that "[f]ederal law prohibits the Department of Treasury from disclosing information to the creditor agency (in this case, the Department of Justice) regarding the source of the funds and/or the reason for the recall of the funds." *Id*. ¶ 9. Although pursuant to my Order to Clarify, the Justice Department contacted the Treasury Department requesting an explanation, no information was provided, and "[a]s the Department of Treasury is prohibited by law from disclosing the reasons underlying the payment and/or the reversal, the Department of Justice has no actual knowledge regarding same." *Id*. ¶¶ 10-11.

## II. DISCUSSION

Plaintiff bases its motion of Fed.R.Civ.P. 60(b), which provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

Rule 60(c) provides that a motion under Rule 60(b) "must be made within a reasonable time," but "for reasons (1), (2), and (3) no more than a year after the entry of

the judgment or order or the date of the proceeding."

Plaintiff does not specify which section of Rule 60(b) it is relying on, but under the facts presented, logic dictates that it can only be based on reason (1) (mistake, inadvertence, or surprise), or reason (2) (newly discovered evidence). Therefore, as judgment was entered on September 20, 2004, and the satisfaction of judgment was entered on June 11, 2014, Plaintiff's November 14, 2016 motion is untimely under the one-year limitation period of Rule 60(c), and should be denied.[2]

To the extent that Plaintiff's motion can be construed as relying on the "catch-all" provision of reason (6), it also fails. The Sixth Circuit "adheres to the view that courts should apply Rule 60(b) (6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). The facts that Plaintiff has proffered show clearly that the motion is based on a claim of mistake, inadvertence, surprise, or newly discovered evidence, which are addressed by clauses (1) and (2). In addition, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir.2008). Here, Plaintiff did not return the funds to the Defendant, it returned it to the Treasury Department. While I understand the Treasury Department's position that it is prohibited by law from disclosing any information to the Justice Department about its reasons for recalling the funds or the ultimate disposition of the funds, the Plaintiff has not alleged or shown that the funds were returned to the Defendant. Frankly, it is not the Defendant's problem that the

---

[2] The motion was also filed more than one year after the funds were returned to the Treasury Department in January of 2015.

government's right and left hands are not in communication. In the context of this motion, the Plaintiff has not shown "extraordinary circumstances," apart from any statutory reasons described in clauses (1) and (2) (which are time-barred), that would justify relief under Rule 60(b)(6).

## III.   CONCLUSION

I recommend that Plaintiff's Motion to Vacate Satisfaction of Judgment [Doc. #37] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2017

**CERTIFICATE OF SERVICE**

I hereby certify on July 31, 2017, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 31, 2017.

s/Carolyn Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen